FILED

MAR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: ESTATE FINANCIAL MORTGAGE FUND, LLC,<br><br>        Debtor,<br><br>---<br><br>BRADLEY D. SHARP, Liquidating Trustee of the Liquidating Trust of Estate Financial Mortgage Fund, LLC,<br><br>        Appellant,<br><br>  v.<br><br>BRYAN CAVE LLP, a professional limited liability partnership, and KATHERINE M. WINDLER, an individual,<br><br>        Appellees. | No. 12-56009<br><br>D.C. No. 2:12-cv-02495-SJO<br><br><br>MEMORANDUM[*] |
| In the Matter of: ESTATE FINANCIAL, INC.,<br><br>        Debtor, | No. 12-56011<br><br>D.C. No. 2:12-cv-02511-SJO |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

THOMAS P. JEREMIASSEN,

      Appellant,

  v.

BRYAN CAVE LLP and KATHERINE M. WINDLER,

      Appellees.

Appeals from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 14, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

The trustees' complaints in these cases admit that Estate Financial, Inc. (EFI) and Estate Financial Mortgage Fund (EFMF) violated the law before and after they retained Bryan Cave. But the complaints allege that EFI and EFMF retained Bryan Cave to prevent and correct these violations. The complaints also allege that to the extent the entities continued to violate the law after retaining Bryan Cave, they did so in reliance on Bryan Cave's negligent legal advice.

Under California law, a client who engages in wrongdoing in reliance on a lawyer's negligent legal advice may be barred by the unclean hands defense or the *in pari delicto* doctrine from pursuing a claim for legal malpractice. *See Chapman*

*v. Superior Court*, 29 Cal. Rptr. 3d 852, 862–64 (Ct. App. 2005); *Blain v. The Doctor's Co.*, 272 Cal. Rptr. 250, 256–58 (Ct. App. 1990). For either of those affirmative defenses to apply, however, the plaintiff's conduct must be so obviously wrongful that, notwithstanding the lawyer's erroneous legal advice, no lay person could be confused about its illegality or impropriety. *See Blain*, 272 Cal. Rptr. at 258.

Construing the complaints' factual allegations in the light most favorable to the trustees, as we must, we do not believe the complaints admit to that type of wrongdoing. The complaints state that EFI and EFMF violated various provisions of California real estate and securities law by, for example, failing to comply with disclosure and licensing requirements, issuing unauthorized promotional notes, engaging in unauthorized loan transactions, exceeding the maximum number of investors, and improperly commingling funds. Unlike lying under oath, *id.*, self-dealing, *Chapman*, 29 Cal. Rptr. 3d at 855–58, 865, or running a Ponzi scheme, *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 35 Cal. Rptr. 3d 31, 48 (Ct. App. 2005), the misconduct admitted in the complaints is not so obviously wrongful that the principals of EFI and EFMF must have known it to be unlawful notwithstanding Bryan Cave's allegedly erroneous legal advice. Although Bryan Cave advised EFI and EFMF that some of their conduct was

unlawful, Bryan Cave encouraged the principals to continue operating while Bryan Cave helped them correct the problems. Given the nature of the violations involved, the principals could have accepted that advice without "violat[ing] conscience, or good faith, or other equitable standards of conduct." *Kendall-Jackson Winery, Ltd. v. Superior Court*, 90 Cal. Rptr. 2d 743, 749 (Ct. App. 1999).

It's true, as Bryan Cave points out, that the complaints contain isolated allegations suggesting that the principals may have engaged in misconduct that they knew to be wrongful, regardless of any negligent legal advice Bryan Cave provided. For example, the EFI complaint alleges that EFI "used investor money to pay interest payments to other investors," and improperly diverted "investor money intended for development and construction purposes" to pay interest, expenses, and forbearance fees. These allegations, construed in the light most favorable to Bryan Cave, support the conclusion that the principals operated EFI and EFMF as a Ponzi scheme, which would be misconduct so obviously wrongful that a lay person could not be confused about its impropriety. *See Blain*, 272 Cal. Rptr. at 258. But at this stage of the case, we must construe the allegations in the light most favorable to the trustees. Viewed in that light, the alleged misuse of investor funds could reflect negligent accounting practices in the course of an

otherwise legitimate business enterprise, rather than outright fraud. Considered in context, the isolated allegations Bryan Cave has identified do not support dismissal of these actions at the pleading stage.

In sum, without expressing any view as to the ultimate merits of the trustees' claims, we conclude that the district court erred by dismissing the complaints. Given our disposition, we need not resolve the trustees' arguments that the *in pari delicto* and unclean hands defenses may never apply to bankruptcy trustees or to claims brought by trustees that arise post-petition.

**REVERSED and REMANDED.**